## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF WISCONSIN

SARAH ADRIAN and PATRICIA BOROM, on behalf of themselves and all others similarly situated,

Plaintiffs,

v.

CREE LIGHTING USA, LLC,

Defendant.

Civ. Action No. _26-451_____

## CLASS ACTION COMPLAINT
## FOR VIOLATION OF WARN ACT 29 U.S.C. § 2101, *et seq*.

Plaintiffs Sarah Adrian and Patricia Borom ("Plaintiffs") allege on behalf of themselves and a putative class of similarly situated former employees by way of this Class Action Complaint against Cree Lighting USA, LLC (the "Defendant") as follows:

## NATURE OF THE ACTION

1. Plaintiffs were terminated along with an estimated 580 other similarly situated employees as part of, or as the foreseeable result of a mass layoff or plant closing ordered by Defendant beginning on or about October 2, 2026.

2. Defendant failed to give Plaintiffs and those similarly situated employees 60 days' advance notice of their terminations, as required the Worker Adjustment and Retraining Notification Act, 29 U.S.C. § 2101 *et seq*. (the "WARN Act").

3. Plaintiffs seek to enforce the WARN Act's statutory remedy of 60 days' back pay and benefits for themselves and those similarly situated, pursuant to 29 U.S.C. § 2104, for the

Defendant's failure to provide WARN notice prior to their terminations.

**JURISDICTION AND VENUE**

4.      This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331 and 29 U.S.C. § 2104(a)(5).

5.      Venue is proper in this District pursuant to 29 U.S.C. § 2104(a)(5).

**THE PARTIES**

*Plaintiffs*

6.      Plaintiff Sarah Adrian was employed by Defendant as a customer account specialist from May 2014 until about October 1, 2025.

7.      Plaintiff Patricia Borom was employed by Defendant as a customer account specialist from May 2014 until about October 1, 2025.

8.      At all relevant times, Plaintiffs worked at, reported to, or received assignments from Defendant's facility located at 9201 Washington Avenue, Racine, Wisconsin (the "Facility") until their terminations on or about October 1, 2025.

9.      On October 1, 2025, Plaintiffs were informed by Defendant at a town hall meeting that she and about 92% of Defendants' workforce would be placed on furlough. Plaintiffs and the other employees were not given an expected date of recall. Instead, they were told the furlough was expected to last about 2-3 weeks.

10.      After the October 1st meeting, Plaintiffs received an email that stated that they would be "furloughed," effective immediately.

11.      Plaintiffs were never recalled back to work.

12.      Plaintiffs were both terminated without cause.

13.      Plaintiff Borom received an email notice dated March 12, 2026 which stated, in

2

part:

> This Notice is being provided to you pursuant to the Worker Adjustment and Retraining Notification Act, 29 U.S.C. § 2101, *et seq.*; the Wisconsin Business Closing Mass Layoff Law, Wis. Stat. § 109.07 (collectively, the "WARN Statutes").

> We regret to inform you that Cree Lighting will experience a "plant closing" and/or "mass layoff" under the WARN Statutes at 9201 Washington Ave, Racine, WI 53406 (the "Facility") resulting in the permanent closure of one or more operating units within the Facility with employee separations to take place on or beginning on March 13, 2026.

> We expect that 172 employee positions will be permanently eliminated. A list of affected titles, the number of employees in each position and anticipated separation dates is attached. Your position is affected and will be eliminated on March 13, 2026. Cree Lighting does not have a job bumping system, that is, employees will not be able to displace more junior employees out of their job positions because of this closure and/or layoff.

14. At no time prior to October 1, 2025 did Plaintiffs receive written notice that their employment would be terminated.

15. During the time Plaintiffs were on furlough, they were not paid wages by Defendant.

16. On information and belief, along with Plaintiffs, Defendant also terminated other similarly situated employees without cause beginning on or about October 1, 2025.

17. On information and belief, none of the other similarly situated former employees received 60 days' advance written notice of their terminations.

### *Defendant*

18. Upon information and belief, at all relevant times, Defendant operates a business that provides lighting products and related services in the United States.

19. Upon information and belief, Defendant is a Delaware registered limited liability corporation with its principal place of business located at 9201 Washington Avenue, Racine, Wisconsin.

3

20. Upon information and belief, Defendant employed more than 100 full time employees who worked at, reported to, or received assignments from the Facility until about October 1, 2025.

21. Beginning on October 1, 2025, Defendants "furloughed" its employees, including Plaintiffs and others similarly situated who worked at the Facility, or who worked remotely and reported to the Facility without being given further compensation, paid health coverage, a recall date or expectation of continued employment.

22. Despite being told that the furlough was expected to last about 2-3 weeks, Defendant's employees were not recalled back to work after October 1, 2025.

23. The furlough constituted a permanent employment loss for Plaintiffs and others similarly situated.

24. Upon information and belief, on October 1, 2025, approximately 580 affected employees of the Facility who were entitled to WARN notice (including Plaintiffs) suffered job losses as a result of the mass layoff and/or closing of the Facility without adequate notice.

25. Under the WARN Act, an employer must provide 60 days' notice before terminating 50 or more employees in a mass layoff or plant closing.

26. As a result of ordering the mass layoff or closing of the Facility on or about October 1, 2025, Defendant terminated its employees beginning on or about October 1, 2025, without 60 days' notice, in violation of the WARN Act.

## REPRESENTATIVE AND CLASS ALLEGATIONS

27. Plaintiffs bring this representative action for relief for violation of 29 U.S.C. § 2101 *et seq*., suing for themselves and all other similarly situated former employees, pursuant to 29 U.S.C. § 2104(a)(5), who worked at, reported to, or received assignments from the Facility, who

were on or about October 1, 2025 or as the reasonably foreseeable consequence of the mass layoff and/or plant closing ordered by Defendant on October 1, 2025 and who are "affected employees" within the meaning of 29 U.S.C. § 2101(a)(5).

28. Plaintiffs seek to bring forward these claims utilizing the Federal Rules of Civil Procedure, Rule 23(a) and (b)(3), to seek certification of an opt-out class (the "WARN Class").

29. To the extent necessary, Plaintiffs will seek to certify subclasses pursuant to Rule 23(a) and (b)(3).

30. The persons in the WARN Class identified above ("WARN Class Members") are so numerous that joinder of all members is impracticable. Although the precise number of such persons is unknown, it is estimated to be about 580 individuals. On information and belief, the number and identity of the WARN Class Member are within the sole control of Defendant.

31. On information and belief, the rate of pay and benefits that were being paid to each WARN Class Member at the time of his/her termination is contained in the books and records of Defendant.

32. Common questions of law and facts exist as to members of the WARN Class, including, but not limited to, the following:

(a) whether the members of the WARN Class were employees of Defendant who worked at, received assignments from, or reported to the Facility;

(b) whether Defendant unlawfully terminated the employment of the members of the WARN Class without cause and without 60 days' advance written notice in violation of the WARN Act; and

(c) whether Defendant unlawfully failed to pay the WARN Class members 60 days' wages and benefits as required by the WARN Act.

33. Plaintiffs' claims are typical of those of the WARN Class. Plaintiffs, like other

5

WARN Class members, who worked at, reported to, or received assignments from the Facility, and were terminated without cause on or about October 1, 2025, due to the mass layoffs and/or plant closings ordered by Defendant.

34. At all relevant times, Defendant was an "employer," as that term is defined in 29 U.S.C. § 2101 (a)(1) and 20 C.F.R. § 639(a) and continued to operate as a business until deciding to order a mass layoff or plant closing of the Facility.

35. Plaintiffs will fairly and adequately protect the interests of the WARN Class. Plaintiffs have retained counsel competent and experienced in complex class actions, including the WARN Act and other statutory employment claims.

36. Class certification of these claims is appropriate under Fed. R. Civ. P. 23(b)(3) because questions of law and facts common to the WARN Class predominate over questions affecting only individual members of the WARN Class, and because a class action is superior to other available methods for the fair and efficient adjudication of this litigation. This is particularly so in the context of WARN Act litigation, where an individual Plaintiff may lack the financial resources to vigorously prosecute a lawsuit in federal court against a corporate defendant, and the damages suffered by individual WARN Class members are small compared to the expense and burden of individual prosecution of this litigation.

37. Concentrating all the potential litigation concerning the WARN Act rights of the members of the Class in this Court will obviate the need for unduly duplicative litigation that might result in inconsistent judgments, will conserve the judicial resources and the resources of the parties and is the most efficient means of resolving the WARN Act rights of all the members of the Class.

38. Plaintiffs intend to send notice to all members of the WARN Class to the extent

6

required by Rule 23.

## CLAIM FOR RELIEF
**Violation of the WARN Act, 29 U.S.C. § 2101 *et seq*.**

39.     Plaintiffs reallege and incorporate by reference all allegations in all preceding paragraphs.

40.     At all relevant times, Defendant employed more than 100 employees who in the aggregate worked at least 4,000 hours per week, exclusive of hours of overtime, within the United States.

41.     At all relevant times, Defendant was an "employer," as that term is defined in 29 U.S.C. § 2101 (a)(1) and 20 C.F.R. § 639.3(a) and continued to operate as a business until it decided to order a mass layoff or plant closing of the Facility.

42.     At all relevant times, Plaintiffs and the WARN Class Members were "affected employees" of Defendant as that term is defined by 29 U.S.C. § 2101(a)(5).

43.     On or about October 1, 2025, Defendant carried out a furlough or temporary layoff at the Facility that exceeded six months, or that became permanent, thereby constituting an "employment loss" requiring WARN notice.

44.     Defendant's actions resulted in "employment losses," as that term is defined by 29 U.S.C. §2101(a)(2) for at least fifty of Defendant's employees who worked at, or who worked remotely and reported to, the Facility.

45.     Plaintiffs and the Class Members were terminated by Defendant without cause on their part, as part of or as the reasonably foreseeable consequence of the mass layoff or plant closings ordered by Defendant of the Facility.

46.     Defendant was required by the WARN Act to give Plaintiffs and the Class Members at least 60 days' advance written notice of their terminations.

7

47. Defendant failed to give Plaintiffs and the Class Members written notice that complied with the requirements of the WARN Act.

48. Plaintiffs and each of the Class Members are "aggrieved employees" of Defendant as that term is defined in 29 U.S.C. § 2104(a)(7).

49. Defendant failed to pay Plaintiffs and each of the Class Members their respective wages, salary, commissions, bonuses, health and life insurance premiums, accrued holiday pay and accrued paid time off for 60 days following their respective terminations, and failed to provide employee benefits including health insurance, for 60 days from and after the dates of their respective terminations.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs, individually and on behalf of all other similarly situated persons, prays for the following relief as against Defendant:

A. Certification of this action as a class action;

B. Designation of Plaintiffs as Class Representatives;

C. Appointment of the undersigned attorneys as Class Counsel;

D. A judgment in favor of Plaintiffs and each of the affected employees equal to the sum of: their unpaid wages, salaries, commissions, bonuses, accrued holiday pay, accrued vacation pay, pension and 401(k) contributions and other ERISA benefits, for up to 60 days, that would have been covered and paid under the then-applicable employee benefit plans had that coverage continued for that period all determined in accordance with the WARN Act, 29 U.S.C. §2104(a)(1)(A);

E. Reasonable attorneys' fees and the costs and disbursements that Plaintiff will incur in prosecuting this action, as authorized by the federal WARN Act, 29 U.S.C. §

8

2104(a)(6);

F.     Interest as allowed by law on the amounts owed under the preceding paragraphs; and

G.     Such other and further relief as this Court may deem just and proper.

Dated: March 19, 2026

                        Respectfully submitted,

                        LOCAL COUNSEL

            By:    /s/  Sandra G. Radtke
                   Sandra G. Radtke
                   State Bar No. 1022127
                   **Radtke Law Office, LLC**
                   15850 W. Bluemound Rd., #300
                   Brookfield, WI  53005
                   Ph:  (262) 330-8120
                   Email:  radtkelaw@tds.net

OF COUNSEL:

Jack A. Raisner *(pro hac vice forthcoming)*
René S. Roupinian *(pro hac vice forthcoming)*
**RAISNER ROUPINIAN LLP**
270 Madison Avenue, Suite 1801
New York, New York 10016
Telephone: (212) 221-1747
Facsimile: (212) 221-1747
Email: jar@raisnerroupinian.com
Email: rsr@raisnerroupinian.com

*Attorneys for Plaintiffs and the other similarly situated former employees*

9